MARK BISCHOFF v. ST. PAUL BETHEL ASSOCIATION.[1]

January 2, 1901.

Nos. 12,280—(111).

**Personal Injury—Contributory Negligence.**

> *Held*, in a personal injury action, that on plaintiff's own testimony he was conclusively shown to be guilty of contributory negligence, which, conceding defendant's negligence, would preclude a recovery.

Action in the district court for Ramsey county to recover $1,200 damages for personal injuries. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for $600. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

*Wm. F. Hunt* and *Calvin A. Fleming*, for appellant.

*John F. Fitzpatrick*, for respondent.

COLLINS, J.

This is a personal injury action, in which the plaintiff had a verdict, and the appeal is from an order directing judgment in favor of the defendant notwithstanding such verdict.

The plaintiff herein had charge of a steam-heating plant, of limited capacity, used to heat what is known as a "Bethel boat," a semicharitable place for the furnishing of meals and lodgings. The boiler of the plant was old, and had been used in connection with a threshing-machine engine until it became unfit for such purpose. It was then transferred and set up for the duty indicated. The water supply was conveyed through a small pipe to a point near the bottom of the boiler, and in this pipe was a stopcock a few inches distant from the latter. The stopcock and that

1 Reported in 84 N. W. 731.

part of the pipe connecting with the boiler were used for "blowing-off" purposes as well as for the water supply. The supply could be furnished by turning the cock, and this was done several times each day. A number of tubes in the boiler were leaking badly, and a boiler maker was employed to repair defects, and to change the supply pipe by removing it from where it then was so that it would enter the boiler above. The fire was withdrawn, the repairs made upon the tubes, and the water-supply pipe, after being cut off about two feet outside the stopcock, was carried up, and connected with the boiler at another point, as was intended. This left something more than two feet of the pipe, in which was the stopcock, still attached to the boiler, all thereof being outside the latter, and useless, except as a "blow-off." The plaintiff then fired up, and when he had about five pounds of steam on took a large wrench, and went down into the boiler pit to remove that part of the pipe outside of the stopcock; the only reason for its removal being that it was in his way. He applied the wrench, turned it once or twice, and the stopcock fell to the floor, according to his testimony, and steam escaping from the boiler, scalded his arm.

It is contended by counsel for the plaintiff that it was not shown by the testimony that plaintiff turned the wrench, and, at most, it appears that he merely applied it to the pipe. We do not think this claim sustainable. Fairly construed, the plaintiff's testimony was that after applying the wrench he turned it twice, without first examining in any manner, or ascertaining, the condition of the stopcock, and whether or not it had been disturbed or affected by a removal of a part of the pipe, and, to some extent, a disarrangement of the remainder. The plaintiff, an engineer of much experience, knew that the pipe was in a bad condition, and undertook to remove a part of it at an improper time, when steam was up, and without taking the slightest precautions as to the condition of the remainder of the pipe, and the stopcock through which he knew steam would flow if it gave way, and probably to his personal injury. Why plaintiff did not remove the piece of pipe a few hours before, when assisting in repairs, and while there

was no steam on, was not explained. Conceding that the testimony tended to establish the negligence of the defendant, it is obvious that the plaintiff himself was guilty of the grossest kind of carelessness when he undertook to remove the pipe with steam in the boiler. The plaintiff's own testimony was conclusive as to his contributory negligence. The court below was right in ordering judgment for the defendant notwithstanding the verdict in his favor.

Order affirmed.